2017 PA Super 55

| | |
|---|---|
| DEEK INVESTMENT, L.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS MURRAY & PATRICIA MURRAY | |
| Appellants | No. 975 EDA 2016 |

Appeal from the Order Entered February 22, 2016
In the Court of Common Pleas of Chester County
Civil Division at No: 91-09071

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.:                    **FILED MARCH 03, 2017**

Appellants, Francis W. Murray ("Francis") and Patricia A. Murray ("Patricia") (collectively "the Murrays"), appeal *pro se* from the order entered on February 22, 2016 in the Court of Common Pleas of Chester County, denying their motions to set aside a writ of execution against personal property.  The trial court determined that the writ of execution of Appellee, DEEK Investment, L.P. ("DEEK"), was timely entered.  Following review, we vacate the February 22, 2016 order and remand.

In a prior appeal to this Court,[1] we summarized the factual background of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

DEEK acquired a judgment against the Murrays in the amount of $267,939.89 plus interest from and after September 26, 1991. DEEK acquired the judgment from CoreStates Bank. . . on January 24, 2000. The Murrays negotiated with DEEK on the settlement of the matter, and on May 22, 2002, the parties entered into a written forbearance agreement which set up a payment schedule whereby the Murrays would make a series of payments to DEEK beginning on June 3, 2002, and culminating on February 17, 2004. The agreement contained both monetary and non-monetary terms, and the Murrays complied strictly with all non-monetary terms.

As part of the monetary terms of the agreement, the Murrays agreed to pay DEEK $352,000.00 by February 16, 2004, to satisfy the judgment. The payments were to be made monthly in the amount of $1,000.00 with larger principal payments to be made over time. The Murrays were late on three of the $1,000.00 payments, and were unable to make a timely payment of $95,000.00 on February 17, 2005. The parties agreed to split the larger payment into two manageable payments, one for $40,000.00 and one for $55,000.00. The Murrays paid the $40,000.00 sum, due May 13, 2003, in a timely manner, but were thirty days late in making the $55,000.00[] payment, originally due August 15, 2003.

The final payment under the agreement was scheduled to be paid on February 17, 2004, in the amount of $39,000.00. On February 13, 2004, however, four days before the final payment was due, DEEK declared the Murrays in default because of the late payments made through the term of the agreement and three missed $1,000.00 payments. The Murrays notified DEEK that $42,000.00 was available to DEEK through their law firm's

_(Footnote Continued)_ ――――――――――

[1] By order entered April 22, 2005, the trial court granted the Murrays' petition to enforce a settlement. DEEK appealed and this Court affirmed, finding the Murrays had substantially complied with the terms of the agreement and permitting them to pay the remaining sums owed totaling $85,750.00. *DEEK Investment, L.P. v. Murray*, No. 1431 EDA 2005, unpublished memorandum (Pa. Super. filed October 13, 2006). Our Supreme Court denied DEEK's petition for allowance of appeal. *DEEK Investment, L.P. v. Murray*, No. 978 MAL 2006 (Pa. filed July 6, 2007).

escrow account, which equaled the $39,000.00 final payment plus the $3,000.00 payment for the last three months. DEEK would not accept the payment, and on April 2, 2004, DEEK filed a motion to compel the Murrays' asset deposition.

* * *

The trial court granted the [Murrays' April 22, 2004 petition to enforce the settlement agreement] and entered an order dated April 22, 2005, which permitted the Murrays to pay the remaining sums, and included an additional amount to compensate DEEK for costs in pursuing the late payments.

*DEEK Investment, L.P. v. Murray*, No. 1431 EDA 2005, unpublished memorandum at 1-3 (Pa. Super. filed October 13, 2006).

Following this Court's October 13, 2006 ruling, interactions between the parties continued without resolution of their dispute. The docket reflects DEEK's filing and service of a writ of revival in April 2009 and the Murrays' filing of an answer to the writ in May 2009. DEEK also filed a motion to compel the deposition of Francis, resulting in the issuance of a June 24, 2009 order granting DEEK's motion to compel. The docket does not reflect any further activity until February 13, 2012, when DEEK filed a praecipe for writ of execution against the Murrays' personal property. On March 12, 2013, DEEK served a notice of sheriff's sale pursuant to the writ. The Murrays filed motions to set aside the writ of execution in 2014 and again in 2015.

By order entered February 22, 2016, the trial court denied the Murrays' motions to set aside the February 2012 writ of execution against the Murrays' personal property. This timely appeal followed. By order

- 3 -

entered April 6, 2016, the trial court directed the Murrays to file a Rule 1925(b) statement of errors complained of on appeal. On April 26, Appellants filed a 1925(b) statement signed by Patricia only, contending the writ of execution should be set aside on legal grounds, citing the statute of limitations and, in particular, 42 Pa.C.S.A. § 5529(a).[2] On May 26, 2016, the trial court issued its Rule 1925(a) opinion, finding that Francis failed to preserve any issues on appeal and that the writ of execution was not filed beyond the expiration of the statute of limitations.

On appeal, the Murrays ask this Court to consider three issues, which we have reordered for ease of discussion.

A. Whether the trial court abused its discretion or committed an error of law, finding [Francis], individually, has not preserved his issues for appeal?

B. Whether the trial court committed an error of law and/or abused its discretion in denying [the Murrays'] set aside relief (*sic*) from the Writ of Execution against their personal property dated February 13, 2012, such relief having been requested pursuant to Pa. Rule [of Civil Procedure] 3121(d) and 42 Pa.C.S. § 5529(a)?

C. If the Superior Court determines relief from the writ should have been granted, whether the trial court abused its discretion in recommending tolling thereof?

Appellants' Brief at 4-5.

---

[2] 42 Pa.C.S.A. § 5529(a) (**Execution against personal property**) provides: "An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued."

In their first issue, the Murrays contend the trial court abused its discretion or committed an error of law by finding that Francis did not preserve his issues for appeal. The trial court found waiver due to Francis' failure to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and determined that only Patricia preserved issues for purposes of appeal. Trial Court Opinion, 5/27/16, at 1.

As noted above, the Murrays are proceeding *pro se* before this Court. We have made it clear that "*pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training[,]" **First Union Mortg. Corp. v. Frempong**, 744 A.2d 327, 333 (Pa. Super. 1999), and that *pro se* litigants are bound by our procedural rules. **Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa. Super. 1991). However, Pa.R.C.P. 126 (Liberal Construction and Application of Rules) provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

As this Court recently reiterated, "Rule 126 allows an equitable exception for parties who commit a misstep when attempting to do what any particular rule requires. Rule 126 does not excuse a party's complete noncompliance with the rules, but Rule 126 is available to a party who makes a substantial attempt to conform." **Green Acres Rehabilitation**

*and Nursing Center v. Sullivan*, 113 A.3d 1261, 1272 (Pa. Super. 2015) (internal quotations and citations omitted).

Here, the notice of appeal reflects that both "Francis W. Murray and Patricia A. Murray" appealed from the trial court's February 22, 2016 order. Similarly, the 1925(b) statement is entitled "Appellants' 1925 Statement" and provides that "Francis W. Murray and Patricia A. Murray" are setting forth errors complained of on appeal in response to the trial court's April 6, 2016 directive. Appellants' 1925(b) Statement, 4/26/16, at 1.

We find that the Murrays' 1925(b) Statement satisfies Rule 1925(b). The statement, which was clearly titled as a statement on behalf of both Francis and Patricia, raised the issues the Murrays jointly sought to have reviewed on appeal. Neither party raised any additional issue outside the statement. Therefore, unlike the trial court, we refuse to find waiver and we shall consider the remaining issues on behalf of both Murrays.

In their second and third issues, the Murrays ask us to consider whether the trial court committed an error of law or abused its discretion by denying their motions to set aside the writ of execution and whether the trial court abused its discretion in excluding from the twenty-year statutory period the times attributable to the Murrays' actions. Appellants' Brief at 4-5.

As reflected above, 42 Pa.C.S.A. § 5529(a) provides that "[a]n execution against personal property must be issued within 20 years after the

entry of the judgment upon which the execution is to be issued." "At issue is the applicable statute of limitations. This raises a question of law; hence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Vega-Reyes***, 131 A.3d 61, 63 (Pa. Super. 2016) (citation omitted); ***see also Ash v. Cont'l Ins. Co.***, 932 A.2d 877, 879 (Pa. 2007).

The Murrays contend that the February 13, 2012 writ of execution was issued more than twenty years after the entry of judgment on September 26, 1991 and, therefore, falls outside the statute of limitations set forth in § 5529(a). They look to our Supreme Court's decision in ***Shearer v. Naftzinger***, 747 A.2d 859 (Pa. 2000), in support of their position. In that case, the sole issue before the Court was "whether the statute of limitations set forth at 42 Pa.C.S. § 5529 constitutes a defense in a proceeding to revive and continue the lien of a judgment." ***Id.*** at 860. There, the Shearers entered judgment against the Naftzingers in 1974. Before addressing the specific issue before it, involving a praecipe for writ of revival the Shearers filed in 1996, the Court explained:

> The plain language of § 5529 pertains to *execution* against personal property. A writ of execution is an authorization to a sheriff or other officer to enforce a money judgment, usually by means of seizing and selling the judgment debtor's property. Therefore, § 5529 prevents a judgment creditor from satisfying its judgment by executing against the personal property of the debtor more than twenty years after the judgment was entered.

- 7 -

*Id.* (citations omitted) (emphasis in original). The Court proceeded to distinguish *execution* against personal property from the effect of a *writ of revival* of a judgment lien, which "does nothing more than preserve the judgment creditor's existing rights and priorities." *Id.* While, strictly speaking, the Court's comments about § 5529 constitute *dicta*, the Court's comments do explain the role of § 5529 while differentiating execution against property from the writ of revival's role in preserving existing rights and priorities. The Court noted:

> The plain language of § 5529 concerns *execution* against the lien property *only* and expresses no time limitation on filing a writ of revival of the judgment lien. Thus, the twenty-year statute of limitations in § 5529 regarding execution against personal property does not constitute a defense to a writ of revival.

*Id.* (emphasis in original).

In a concurring opinion, Justice Zappala, with two other justices joining, offered a "more thorough explanation" to lessen "confusion regarding the basic concepts that are necessary to the decision." *Id.* at 861 (Zappala, J., concurring). The Justice explained:

> Different rules apply with respect to personal property. A judgment continues to exist, and can be executed on by having the sheriff sell personal property, whether or not a writ of revival is ever filed. Again, it is the lien against real property that is revived, not the judgment. Section 5529 simply places an outer limit of 20 years on executing against personal property to satisfy a judgment. Thus, in this case, the Shearers are no longer able to execute against personal property to satisfy the $9,600 judgment they obtained in 1974.
>
> The fact that the Shearers can no longer execute against personal property to satisfy the judgment, however, is irrelevant

- 8 -

to whether they can continue or revive the lien against real property. In terms of the particular question presented in this case, 42 Pa.C.S. § 5529 is not a defense to their proceeding to revive and continue the lien of judgment.

*Id.* at 862 (Zappala, J., concurring).

The trial court rejected the Murrays' reliance on **Shearer**, determining the Supreme Court's discussion of § 5529 was simply *dicta*. Trial Court Opinion, 5/27/16, at 2 (unnumbered). The trial court instead suggested that the date of the judgment triggering the running of the statute of limitations was April 22, 2005, when the trial court entered its order enforcing the settlement agreement between the parties. *Id.* at 3 (unnumbered). The trial court did not offer any legal authority in support of its contention. However, the trial court's finding in its 2016 opinion marks a departure from its April 22, 2005 order. In the 2005 order, the trial court held that, upon payment of remaining amounts owed by the Murrays in accordance with the Forbearance Agreement,

> [DEEK] shall comply with all of its obligations under the Forbearance Agreement, including but not limited to marking the judgment here at issue as satisfied, [but if the Murrays do not make the payments, the petition to enforce settlement] shall be deemed to have been denied and [DEEK] may proceed to execute on its existing judgment giving due credit for the amounts paid to date by [the Murrays] to [DEEK] on account of the said judgment.

Trial Court Order, 4/22/05, at 1. There is no suggestion that the "judgment" to which the trial court referred in its 2005 order was anything other than the September 26, 1991 judgment.

In its brief, DEEK parrots the trial court's position without any argument or authority to support adoption of the April 2005 date as the triggering event. Interestingly, in its June 2005 description of the appeal from the April 22, 2005 order, DEEK indicates it "is the holder of a judgment against [the Murrays'] in the original amount of $480,384.11." Civil Docketing Statement, 6/9/05, at 3. DEEK explains that the parties entered into a Forbearance Agreement in 2002 but, in the event of a default by the Murrays, they "would be liable for the full judgment plus interest and attorney's fees." *Id.* DEEK listed five issues to be raised in that appeal, including an assertion that the trial court erred by failing to award DEEK "the full amount of its judgment, plus interest and fees pursuant to the Forbearance Agreement, less payments made[.]" *Id.*

We find no support in the record or in case law for the trial court's suggestion that the statute of limitations here was triggered by the 2005 order rather than by entry of the 1991 judgment. We conclude the trial court erred in its determination "that the writ of execution was not entered more than twenty (20) years after the judgment upon which the writ was based and 42 Pa.C.S.A. § 5529(a) is simply inapplicable to the facts of this case." Trial Court Opinion, 5/27/16, at 3 (unnumbered).

The Murrays' third issue challenges the trial court's finding that, even if the entry of judgment in 1991 was the triggering event, the writ was timely because the doctrine of equitable tolling excludes "times during which

- 10 -

[DEEK] could not have executed upon [the Murrays'] personal property as a result of [the Murrays'] evasion of all efforts to collect on the judgment by a series of motions, petitions and appeals that were specious at best and, ultimately, entirely without merit." *Id.* at 2-3 (unnumbered).

"The doctrine of equitable tolling is a statute of limitations when a party, through no fault of its own, is unable to assert its right in a timely manner." *DaimlerChrysler Corp. v. Com.*, 885 A.2d 117, 119 n. 5 (Pa. Cmwlth. 2005), *affirmed*, 927 A.2d 201 (Pa. 2007). In *McClean v. Djerassi*, 84 A.3d 1067 (Pa. Super. 2013), this Court explained:

> If through fraud or concealment the defendant causes the plaintiff to relax his or her vigilance or deviate from his or her right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. The defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiable relied. Mere mistake or misunderstanding is insufficient. Also, mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment. The burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party.

*Id.* at 1070 (quoting *Lange v. Burd*, 800 A.2d 336, 339 (Pa. Super. 2000) (citations omitted)).

The trial court did not cite any legal authority for excluding any periods of time from the twenty-year statute of limitations or for otherwise applying the doctrine of equitable tolling. More importantly, the trial court did not explain how any actions taken by the Murrays prevented DEEK from executing on the Murrays' personal property. Again, the docket is devoid of

any activity from June 24, 2009 to February 13, 2012, four and one-half months after the September 26, 2011 expiration of the statute of limitations.[3] DEEK had sufficient time and opportunity to file its writ of execution within the statutory period and simply failed to do so.

In conclusion, we find that Francis' issues on appeal were preserved in Appellants' 1925(b) Statement filed on behalf of both Murrays, even though signed only by Patricia. Further, we find the trial court committed an error of law by failing to recognize that DEEK's writ of execution filed on February 13, 2012, was filed beyond the statute of limitations that expired on September 26, 2011. Finally, we find the trial court erred in concluding that DEEK was prevented from filing its writ of execution within the statutory period and for determining that the statute of limitations ran anew from the date of the trial court's April 22, 2005 order enforcing the parties' Forbearance Agreement. Therefore, we vacate the trial court's February 22, 2016 order denying the Murrays' motions to set aside the February 13, 2012 writ of execution.

Order vacated. Case remanded for entry of an order consistent with this Opinion. Jurisdiction relinquished.

---

[3] We note that DEEK does not cite any legal authority or offer any explanation for its inability to execute on the Murrays' property prior to September 26, 2011. In fact, the only discussion DEEK provides on this issue appears to have been cut and pasted from the trial court opinion. *See* Appellee's Brief at 12-13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017