J-A13004-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| CARMINE AMELIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATIONSTAR MORTGAGE, LLC | : | No. 1199 WDA 2016 |

Appeal from the Order July 22, 2016
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG-13-000290

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                         FILED JULY 27, 2018

Appellant, Carmine Amelio, appeals pro se from the order entered on July 22, 2016 that denied Appellant's request to vacate an order granting summary judgment on September 16, 2015 in favor of Nationstar Mortgage, LLC (Nationstar) in a mortgage foreclosure action.   We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On March 4, 2013, Bank of America filed a complaint in mortgage foreclosure against Appellant regarding a residential property on Alden Drive in Pittsburgh, Pennsylvania. Thereafter, Bank of America reassigned the subject mortgage to Nationstar and Nationstar praeciped for its voluntary substitution as plaintiff pursuant to Pa.R.C.P. 2352.  On November 20, 2014, Nationstar filed a motion for summary judgment.  Appellant filed a timely pro se response in opposition to Nationstar's motion for summary judgment. Therein, Appellant argued that Nationstar did not own the promissory note at

issue and lacked standing to file a foreclosure action. Appellant's Supplemental Brief in Opposition to Summary Judgment, 7/21/2015, at ¶¶ 26 and 33 (unpaginated). On September 16, 2015, the trial court granted summary judgment in favor of Nationstar and assessed damages in the amount of $208,056.17, plus interest. Appellant filed a pro se notice of appeal on October 13, 2015. On May 10, 2016, Appellant filed a pro se application to withdraw his appeal with this Court. On May 12, 2016, this Court issued a per curiam order discontinuing the appeal. Over two months later, on July 13, 2016, Appellant filed a pro se motion to vacate the order granting summary judgment to Nationstar. Not recognizing that Appellant discontinued his appeal challenging the prior, September 16, 2015 order entering summary judgment in favor of Nationstar, the trial court denied relief by order dated July 22, 2016, claiming it was divested of jurisdiction pursuant to Pa.R.A.P. 1701 and could not rule on a motion filed after an appeal was taken. Appellant filed a pro se notice of appeal from the July 22, 2016 order.

On appeal, Appellant presents the following pro se issue for our review:

1. Did the lower court err by refusing to hear Appellant's motion to vacate due to the lower court allegedly not having jurisdiction and then denying same said motion to vacate?

Appellant's Brief at 4.

Appellant claims that his "due process rights were violated where the lower court erred by refusing to hear Appellant's motion to vacate because the lower court erroneously thought the matter was on [a]ppeal." Id. at 7. He claims that "[w]ith the initial appeal having been withdrawn by []

- 2 -

Appellant, the lower court regained jurisdiction to hear [his] motion to vacate."

Id.

The question of whether a tribunal had jurisdiction to entertain a matter presents an appellate court with a pure question of law, as such, our standard of review is de novo, and our scope of review is plenary. See Johnson v. Johnson, 864 A.2d 1224, 1228 (Pa. Super. 2004) (citation omitted). Generally, a trial court loses jurisdiction to modify a final order 30 days after entry of the order or after an appeal has been filed. See 42 Pa.C.S.A. § 5505; see also Pa.R.A.P. 1701. More specifically, a trial court

> upon notice to the parties may modify or rescind any order within thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

Moreover, this Court has stated:

[trial court] authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised sua sponte, or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal.

Although 42 Pa.C.S.A. § 5505 gives the trial court broad discretion, the trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order.

After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court.

Verholek v. Verholek, 741 A.2d 792, 798 (Pa. Super. 1999) (en banc) (internal quotations and citations omitted).

Here, the trial court inaccurately stated that a discontinued appeal divested it of jurisdiction. Notwithstanding this inaccurate assessment, we conclude, after careful review, that the trial court still lacked jurisdiction to entertain Appellant's motion to vacate under Section 5505. The final order granting summary judgment to Nationstar was entered on September 15, 2015. Appellant filed a notice of appeal on October 13, 2015, 28 days later. That appeal was ultimately discontinued on May 12, 2016. However, Appellant still did not file his motion to vacate until more than two months after his appeal was discontinued. Because Appellant did not file his motion to vacate or reconsider within 30 days of the order granting Nationstar summary judgment, and because Appellant has not alleged intrinsic fraud, lack of subject matter jurisdiction over the original mortgage foreclosure action, a fatal defect in the record, or other extraordinary cause, the trial court no longer had jurisdiction to modify or reconsider its grant of summary judgment and we affirm the order denying Appellant relief.[1]

Order affirmed.

_____

[1] We may affirm the trial court's order on any valid basis. See Plasticert, Inc. v. Westfield Ins. Co., 923 A.2d 489, 492 (Pa. Super. 2007). We further note that pro se status does not entitle a party to any particular advantage because of his lack of legal training and that pro se litigants are bound by our procedural rules. Deek Investment, L.P. v. Murray, 157 A.3d 491, 494 (Pa. Super. 2017) (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/27/2018</u>