J-A25038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOLLY NICHOLE KABIRU | : | |
| | : | |
| Appellant | : | No. 370 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 15, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-SA-0000014-2022

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **OCTOBER 21, 2022**

Holly Nichole Kabiru (Appellant) appeals *pro se* from the judgment of sentence entered in the Fayette County Court of Common Pleas, after the trial court convicted her of committing multiple summary violations under the Board of Vehicles Act[1] (BVA).  Based on the following, we affirm.

We glean the following facts from the limited record before us.  On or around September 20, 2021, Macey Lance (Victim) answered a social media post from Appellant's husband on Facebook Marketplace "portray[ing] a private vehicle sale" for a 2012 Ford Fiesta.  Non-Traffic Citation, N0092127-

_____

[1] 63 P.S. § 818.101 *et seq*.  "The BVA requires salespersons to be licensed [t]o promote the public safety and welfare, which generally protects car buyers from fraud and deception, assuring consumers that dealers must provide fair service and reliable products."  ***Commonwealth v. Buchanan Auto.***, 277 A.3d 1199, 1203 (Pa. Super. 2022) (citation and quotation marks omitted).

0, 10/4/21; N.T., 3/15/22, at 3-4, 12.  Victim met with Appellant in Uniontown, Pennsylvania, and purchased the vehicle for $5,700 in cash.  N.T. at 4-5.  Appellant told Victim that "everything was fine with the car" and that "it was okay to drive."  *Id.* at 5.  Following the sale, there were many issues with the title of the car, which Victim reported to the police.  *Id.* at 5-7, 11.  Victim told the investigating officer, State Trooper Mark Patten, that Appellant "explained to her that it was [Appellant's] personal vehicle that she used to get to and from work and she needed to sell it[.]"  *Id.* at 11.  After an investigation, the police determined: (1) the car "had a salvage brand that was applied to it in the state of Ohio which would mean that in order for it to pass inspection[,] it would have to have an enhanced inspection which is much more intensive than an ordinary standard safety inspection[;]" and (2) Appellant was a "licensed salesperson with the state board [and] part owner and salesperson for Exclusive Pre[-]Owned Motors" in North Union Township, Pennsylvania.  *Id.* at 12.  The trooper indicated that even though Appellant was a licensed salesperson, "it was being portrayed as a private vehicle sale on Facebook."  *Id.*

Based on Appellant's mischaracterization of the vehicle to Victim, she was charged on October 4, 2021, with two counts of making a substantial misrepresentation of material fact, and one count each of the following: (1) engaging in false, deceptive, or misleading advertising of vehicles; (2) failing to produce business records; (3) making a false promise of character likely to influence the sale of a vehicle; and (4) engaging in conduct in connection to

- 2 -

the sale of vehicles which demonstrates unprofessional conduct or incompetency to operate a license to sell vehicles under the BVA.[2]

On January 13, 2022, Magisterial District Judge (MDJ) Nathan A. Henning found Appellant guilty of each summary charge. On February 3, 2022, Appellant filed a *pro se* notice of appeal seeking a trial *de novo* to the Court of Common Pleas of Fayette County.

On March 15, 2022, the trial court held a summary appeal trial.[3] After the proceeding, the trial court found Appellant guilty of one count each of (1) making a substantial misrepresentation of material fact; (2) engaging in false, deceptive, or misleading advertising of vehicles; and (3) failing to produce business records. The trial court found Appellant not guilty of the remaining charges. This timely *pro se* appeal follows.[4] Appellant timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Before we may address the merits of Appellant's appeal, we must first determine whether she has properly preserved the claims. The trial court determined Appellant's Rule 1925(b) statement was "too vague to allow [it] to identify the issues raised on appeal" and was "the functional equivalent of no concise statement at all." Statement in Lieu of Opinion, 5/2/22. Thus, the trial court concluded any claim Appellant wished to raise was waived. ***Id.***

---

[2] 63 P.S. §§ 818.318(2), (3), (6), (7), (37).

[3] Appellant proceeded *pro se* at trial.

[4] The Commonwealth has not filed an appellee's brief in this matter.

We note that a Rule 1925(b) statement that is not specific enough for the trial court to identify or address any of the appellant's claims may result in waiver. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (a statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); ***Commonwealth v. Reeves***, 907 A.2d 1, 2-3 (Pa. Super. 2006) (waiving issues not raised before the trial court due to lack of specificity).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

***Id.*** at 2 (citation omitted).

In her concise statement, Appellant set forth the following:

1. According to Title 63 § 3101: Scope of Chapter. This chapter relates to the powers and duties of the General Counsel, the Bureau of Professional and Occupational Affairs and licensing boards and licensing commissions. This indicates that this was not under the jurisdiction of the State Police.

2. Citation Number N0092133-6. 63 [P.S.] § 818.318[(37).] Failing to produce business records when an authorized agent of the Board reasonably requests the licensee to produce the business records. This clearly indicates that this was not under the jurisdiction of the State Police. According to Title 63 § 3102 the definition of the Board is a departmental or administrative board under the bureau.

3. Citation Number N0092128-1. [Victim] stated that she knew the vehicle need[ed] to be reconstructed, hence the reduction of the price.

Appellant's Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 4/19/22, at 1-2 (unpaginated).

Our review of the record reflects that Appellant's Rule 1925(b) statement merely references a statement that police did not have jurisdiction according to "Title 63 § 3101" and "63 Pa. Stat. § 818.318 § 37[,]" and that Victim "knew the vehicle need[ed] to be reconstructed" without any claim for relief. Appellant's Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), at 1-2 (unpaginated). Because Appellant's issues on appeal were not made clear to the trial court in a manner which allowed the court to properly address them, we agree that Appellant has waived all issues on appeal for failure to adhere to Rule 1925(b). **See** Pa.R.A.P. 1925(b)(4)(ii); **Reeves**, 907 A.2d at 2-3.

Moreover, even if Appellant preserved the issues in her Rule 1925(b) statement, Appellant's *pro* se brief materially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2111(a). The Rules mandate that a brief submitted by a party — whether counseled or *pro se* — "shall conform in all material respects with the requirements of [the] rules as nearly as the circumstances of the particular case will admit[.]" Pa.R.A.P. 2101. If the defects in the brief are substantial, "the appeal . . . may be quashed or dismissed." **Id.** Rule 2111 sets forth the required sections in an appellate brief, including a statement of jurisdiction, the order on appeal, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, a summary of

the argument, argument of the issues raised, and a conclusion.  *See* Pa.R.A.P. 2111(a)(1)-(6), (8)-(9).  Rules 2114 through 2119 provide further detail as to the information required in each section.  *See* Pa.R.A.P. 2114-2119.

We reiterate that Appellant proceeded *pro se* in the underlying matter, and continues to do so on appeal.  Although this Court will "liberally construe materials filed by a *pro se* litigant, [an] appellant it not entitled to any particular advantage because [she] lacks legal training."  ***Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted).

Here, Appellant's "brief" fails to comply with Pa.R.A.P. 2111 in any respect.  Her brief either entirely omits or does not adequately include a statement of jurisdiction, reference to the order or other determination in question, statement of the scope and standard of review, statement of the questions involved, a statement of the case, a summary of the argument, argument for Appellant, or a conclusion identifying the relief sought.  ***See*** Pa.R.A.P. 2111(a)(1)-(6), (8)-(9), 2114, 2115(a), 2116(a), 2117(a), 2118, 2119(a)-(e).  Of particular concern is her failure to provide a statement of the questions involved, any argument to support a potential claim, or any citation to authority.  We cannot simply infer Appellant's claims from the limited information before us or develop arguments on her behalf.  ***See In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (this Court "will not act as counsel" or develop arguments on behalf of an appellant).  Further, we emphasize:

> [T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this [C]ourt is asked to review.  When the omission of the

- 6 -

statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review.

***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citations omitted).

Even a liberal reading of Appellant's brief fails to remedy the significant deficiencies. Appellant's "*pro se* status does not entitle [her] to any particular advantage because of . . . her lack of legal training, and . . . *pro se* litigants are bound by our procedural rules." ***Deek Inv., L.P. v. Murray***, 157 A.3d 491, 494 (Pa. Super. 2017) (citations & quotation marks omitted). Indeed, we have observed, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." ***Elliott-Greenleaf***, 255 A.2d at 542 (citation omitted).

Because we cannot discern any argument presented before us, we conclude Appellant's claims are waived on this basis as well. ***See*** Pa.R.A.P. 2119(a) (the argument section of an appellate brief must provide "discussion and citation of authorities as are deemed pertinent."); ***see In re R.D.***, 44 A.3d at 674 ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"); ***see Butler v. Illes***, 747 A.2d 943, 944 (Pa. Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation and internal quotation marks omitted).

Accordingly, we affirm Appellant's judgment of sentence.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2022

---

[5] Nevertheless, even if we were to review this appeal, no relief would be due. To the extent Appellant asserts her summary convictions are invalid, we disagree. From what we can glean from her "brief," Appellant suggests the Pennsylvania State Police did not have jurisdiction to charge her. **See** Appellant's Brief at 2-3 (unpaginated).

Appellant cites "Title 63 3103" and "Title 63 3102" in her brief. **See** Appellant's Brief at 2-3 (unpaginated). We note, however, these citations do not comport with Title 63, governing state licensed professions and occupations. **See** 63 P.S. Chapters 1-40. Upon review of the BVA, the police do, in fact, have jurisdiction to bring charges against persons that commit similar conduct to Appellant's in the present matter. **See** 63 P.S. § 818.302(b) ("**All law enforcement officers** in this Commonwealth may institute **summary criminal proceedings** in accordance with the Pennsylvania Rules of Criminal Procedure for violations of this act.") (emphases added); **see also** 63 P.S. § 818.28(a) (Whoever . . . violate[s] the provisions of this act shall be guilty of a summary offense and . . . ordered to pay a fine of $ 1,000. A licensee shall be subject to criminal prosecution under this subsection for violation of any provision of this act."). Therefore, Appellant's argument that the state police lack jurisdiction to bring the instant charges fails.