J-A14026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VINCENT CAPCINO TRANSMISSIONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLAN WOHL AND LUKE WOHL | : | No. 2338 EDA 2023 |

Appeal from the Order Entered August 10, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 230502029

BEFORE: LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED MARCH 31, 2025**

Appellant, Vincent Capcino Transmissions, appeals from the August 10, 2023, order directing entry of a judgment of nonsuit for Appellant's failure to file a timely complaint. We affirm.

The certified docket reveals that, on May 18, Appellees, Allan Wohl and Luke Wohl, appealed to the Philadelphia Court of Common Pleas from a judgment of $3,213.00 entered in favor of Appellant in Philadelphia Municipal Court. Appellees also filed a praecipe to file a complaint, directing the prothonotary to file a rule on Appellant ordering him to file a complaint within 20 days. The attached rule to file a complaint was served on Appellant with the signature line unsigned by hand but bearing the seal of the First Judicial District of Pennsylvania Prothonotary and stamped "G. Imperato" and dated May 18, 2023. Also, Appellees filed a standing case management order,

paragraph five of which explained that the municipal court plaintiff was required to file a complaint within 20 days of receipt of a rule directing him to do so. The docket reflects proper service of these items, and Appellant acknowledges receiving the notice of appeal, praecipe, and related documents on May 23, 2023. Appellant was *pro se* at the time and took no action.

On July 11, 2023, Appellees filed a motion to dismiss,[1] stating that the aforementioned items were served on Appellant on May 23, 2023, and he had failed to file a complaint. On July 19, 2023, the court entered a rule directing Appellant to show cause why the action should not be dismissed for his failure to file a complaint. Appellant then filed a counseled complaint on July 21, 2023. The complaint alleged that Appellant rebuilt the transmission on Appellees' vehicle and Appellees paid for the service by credit card. Appellees later disputed the credit card payment on grounds that Appellant performed faulty work. Also on July 21, 2023, Appellant filed a response to Appellee's motion to dismiss. Appellant alleged he was unaware that he had to take any action because the signature line on the rule to file a complaint was blank except for the stamp.

The trial court conducted a hearing on the rule to show cause on August 10, 2023. Appellant's counsel explained at the hearing that Appellant never received a hand signed and dated copy of the rule to file a complaint. N.T.

---

[1] The motion should have been titled a motion for entry of judgment of *non pros*. Phila. Civ. R. 1001(f)(1)(ii).

Hearing, 8/10/23, at 3. Counsel for Appellees explained that, though the rule to file a complaint was not signed or dated by hand, it was stamped as set forth above. *Id.* at 4. Appellees' counsel also explained that he represents Appellees in their related action against Appellant, and that the lawyer representing Appellant in the instant action entered an appearance on behalf of Appellant in the related action on May 25, 2023. *Id.* at 4. Despite this, Appellant took no action in the instant matter until July 21, 2023, and he failed to serve his proposed complaint in accordance with the Rules of Civil Procedure. Instead, he mailed a copy to Appellees' counsel.[2] *Id.* at 4-5.

Appellant's counsel responded that the stamp on the rule to file a complaint did not indicate to Appellant, who was *pro se* at the time, that any action was required *Id.* at 5-6. Counsel also argued that Appellees were not prejudiced by the late-filed complaint. *Id.* at 6. The trial court granted Appellees' motion at the conclusion of the hearing and entered an order granting nonsuit that same day.[3]

On August 18, 2023, Appellant filed a motion for reconsideration, repeating the aforementioned arguments and criticizing Appellees for failing to include a cover letter with the appeal documents explaining to Appellant

---

[2] The Pennsylvania Rules of Civil Procedure do not permit service of original process by mail. *See* Pa.R.C.P. 400.1 (governing original process in the First Judicial District) and 402 (governing the manner of service).

[3] Because the trial court's order disposed of all claims and parties, it was a final, appealable order. Pa.R.A.P. 341(b).

that he needed to file a complaint within 20 days. The trial court denied reconsideration by order of August 23, 2023. Appellant filed this timely appeal on September 7, 2023.

Appellant's sole argument on appeal is that the trial court erred by dismissing this action with prejudice rather than granting Appellant leniency under Rule 126 of the Pennsylvania Rules of Civil Procedure, which governs application and construction of the Rules:

> **(a) Application.** The rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.

Pa.R.C.P. 126(a). Construing this Rule, this Court has held that it "allows an equitable exception for parties who commit a misstep when attempting to do what any particular rule requires." ***Deek Inv. L.P. v. Murray***, 157 A.3d 491, 494 (Pa. 2017). That is, Rule 126 does not excuse total noncompliance with a procedural rule. Rather, "Rule 126 is available to a party who makes a substantial attempt to conform." ***Id.*** (citing ***Green Acres Rehab. and Nursing Ctr. Sullivan***, 113 A.3d 1261, 1272 (Pa. Super. 2015)). We also explained in ***Deek*** that "*pro se* status does not entitled a party to any particular advantage because of his or her lack of training." ***Id.*** (quoting ***First Union Mort. Corp. v. Frempong***, 744 A.2d 327, 333 (Pa. Super. 1999)). Where the trial court finds a lack of substantial compliance under Rule 126, we review the court's decision for abuse of discretion. ***Zokaites Contracting***

- 4 -

*Inc. v. Trant Corp.*, 968 A.2d 1282, 1292 (Pa. Super. 2009), *appeal denied*, 985 A.2d 972 (Pa. Super. 2009).

The *Zokaites* Court concluded that a plaintiff was not entitled to the application of Rule 126 where it failed to file a certificate of merit in a professional negligence case. *Id.* That wholesale failure constituted noncompliance rather than substantial compliance. *Id.* In *Deek*, the appellants, appealing from a writ of execution against their personal property, filed a Pa.R.A.P. 1925(b) statement signed by only one of them. *Deek*, 157 A.3d at 493. The trial court found that the non-signing party had waived all issues on appeal. *Id.* at 493-94. This Court disagreed, reasoning that the parties' notice of appeal and concise statement made clear that both were appealing and both were setting forth the assertions of error listed in the concise statement. *Id.* at 494. In other words, the parties' filings substantially conformed to the applicable procedural rules.

In the instant case, the trial court based its decision on Appellant's complete failure to act. Despite receiving a rule to file a compliant that bore the stamp and seal of the Philadelphia office of judicial records, Appellant took no action for 59 days (39 days past the deadline) after he received Appellees' motion to dismiss. Trial Court Opinion, 1/18/24, at 5-6. And as of the date of the order on appeal, Appellant had yet to effect proper service of his proposed complaint on Appellees. Here, as in *Zokaites*, Appellant did not attempt to comply with the applicable rules of procedure until after the

opposing party sought dismissal. The facts here are distinguishable from *Deek*, wherein the parties filed the necessary documents to preserve their appellate issues but omitted the signature of one party on one document. Further, as we have noted, Appellant's *pro se* status does not excuse his total noncompliance with applicable procedural requirements.

Based on the foregoing, we discern no error in the trial court's decision to dismiss Appellant's complaint.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025