J-S06017-25

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| | | |
|---|---|---|
| JASON MCNALLY SCHANG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESLIE ANN D'AMORE | : | No. 1146 WDA 2024 |

Appeal from the Order Entered August 20, 2024
In the Court of Common Pleas of Mercer County Civil Division at No(s):
CP-43-CV-0000226-2020

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: MARCH 31, 2025**

Jason McNally Schang ("Father") appeals *pro se* from the order granting

the petition for special relief filed by Leslie Ann D'Amore ("Mother").  We

affirm.

The petition for special relief filed by Mother sought court approval for

the use of medication for the parties' minor child, J.T.S., born in 2015

("Child"), who has a history of problematic behavioral issues that were rapidly

and alarmingly escalating.[1]  Father opposed the use of any medication to treat

---

[1] This Court issued a rule to show cause because it was unclear if the order was a final or otherwise appealable order in custody.  **See G.B. v. M.M.B.**, 670 A.2d 714 (Pa. Super. 1996) (holding that a custody order is final and appealable after the trial court has concluded its hearings on the matter and the resultant order resolves the pending custody claims between the parties).  Father responded to the rule, contending that the order is an appealable collateral order.  However, upon further review of the docket and the trial court record, it appears that the order resolved the only pending custody claim between the parties and is, therefore, a final order.  **See id**.

Child's behavioral problems. In August 2024, the trial court conducted a hearing on the petition at which both parties appeared *pro se*. The court-appointed guardian *ad litem* for Child, Ted Isoldi, Esquire ("Attorney Isoldi"), and the court-appointed educational decision maker, Tara Mooney, Esquire, also attended the hearing.

Mother presented a letter directed to the trial court from one of Child's physicians, Mark Matta, DO, DFAPA ("Dr. Matta"). Therein, Dr. Matta indicated Child's diagnoses of conduct disorder and ADHD, as well as his continued display of aggressive and inappropriate behavior, disregard of authority figures, physical harm to his sister, and cruelty towards animals, all without appropriate remorse. **See** Matta Letter, 7/31/24, at 1. Dr. Matta expressed his opinion that Child's behaviors would continue to worsen, and recommended treating Child's symptoms medically. **See id**. Father raised no objection to Dr. Matta's letter.

Instead, Father indicated his personal belief that Child does not warrant medication and should participate in counseling; however, Father did not provide the trial court with any expert testimony, expert report, scientific studies, or any documentation to support his belief. **See** N.T., 8/19/24, at 6, 18-19, 20-21. In response, the trial court noted that Child had been diagnosed with specified disruptive impulse control and conduct disorder in September 2023, and that since then the parties had tried non-medication options. **See id**. at 11. The court additionally observed, "[Child] is in

counseling and he has got every wraparound service at school and everything else and he is still acting out." *Id*. at 18. The court further noted that Child "appears to be getting more violent," "is saying he is going to bring a gun to school," and "we can't just sit by and let him hurt somebody or himself." *Id*. at 9, 12.[2] Attorney Isoldi testified that "[w]e have been dealing with this case since May of 2023[,] . . . [t]he issues have not changed and, as a matter of fact, they have gotten worse." *Id*. at 21. At the conclusion of the hearing, the court announced its decision to order that Child receive medication. However, the court specifically advised Father that if he wanted to have Child evaluated by a different physician, and could provide the court with a written report from a physician expressing an opinion that Child should not be medicated, the court would conduct a further hearing on the matter to consider such a report. *See id*. at 22.

_____

[2] The trial court further explained that "[o]ne of the most recent series of incidents giving rise to concern occurred at [summer camp where] . . .[a]t swimming class, in the locker room, [Child] was running around the locker room naked and [swearing and] laughing, showing his private area . . . [and] repeatedly said "they want to see my ass cheeks." . . . Upon returning to the classroom, [Child] was swearing at the students and staff, using the F-word, the B-word, and the N-word (with the hard "r" at the end). He also kicked the wall." Trial Court Opinion, 10/16/24, at 4. The trial court further explained that "[t]his is not a new occurrence as [Child] has already been expelled from other schools due to behavioral concerns." *Id*. The court noted that, "[i]n the discipline referral forms from [one school district], [Child], on several occasions, exhibited not only severe behavioral concerns, but also made active threats to school personnel . . . he ripped up all of his work, tipped desks, ripped up library books, screamed, and made the threats "fxxk you, I'm going to shoot you in the head, Ms. McComb" and "I'm going to stab you in your house." *Id*. at 4-5.

Following the hearing, the trial court entered an order on August 20, 2024, granting the petition for special relief and stating the "[t]he doctor can prescribe medication and it can be administered to the minor child as appropriate, as stated in his letter to the court on July 31, 2024." Order, 8/20/24 (unnecessary capitalization omitted). Father opted not to submit a report from another physician and, instead, filed a timely notice of appeal. However, Father failed to contemporaneously file a concise statement, as required by Pa.R.A.P. 1925(a)(2). This Court directed Father to file a concise statement, and he complied.[3] The trial court thereafter authored an opinion pursuant to Rule 1925(a).

Father raises the following unnumbered issues for our review:

The order dated August [20], 2024 the trial court's ruling state doctor and medication but doesn't state specific doctor or specific medication. Doesn't state reasons for decision.

Order refers to letter from doctor which judge and GAL and other party had in their possession of which I did not receive a copy prior to court hearing. I was given letter by GAL in court during the August 19, 2024 hearing. No due process as I didn't receive letter until August 19, 2024 during the court hearing.

Letter is hearsay letter refers to other clinician without validating the information. Letter does not state when evaluation was done or who other clinician is or who diagnosed or evaluated my son.

_____

[3] Although Father did not file a copy of his concise statement in this Court, he filed it in the trial court and served it on the trial judge. Accordingly, Father has arguably preserved his issues for appeal. *See In re K.T.E.L.*, 983 A.2d 745, 747 n.1 (Pa. Super. 2009) (holding that appellant's failure to simultaneously file a Rule 1925(b) statement did not result in waiver of all issues for appeal where the appellant later filed the statement, and there was no allegation of prejudice from the late filing).

Whereas summary shows months gap where there were no diagnostic tests done.

Elements of letter I dispute. Letter seems to be written in the form of notes not necessarily for evaluation purposes. Letter refers to reports but not specify the source of these reports, clinician or agency.

I had no due process and no opportunity to rebut letter as doctor or other clinician were not in court to verify letter and their findings. Doctor refers to other clinician. Does not specifically state evaluation findings or tests. The letter is hearsay.

Decision seemed to be predetermined in other party's favor before I arrived in court that day.

Order dated August 19, 2024 does not state medication to be given and conclusions of decision.

I am concerned about side effects when effects of psychotropic medication can be detrimental to my 8[-]year[-]old son's health now and in the future.

I requested second opinion which was denied.

Father's Brief at 6-7 (unnecessary capitalization omitted).

Preliminarily, we must determine whether Father preserved his issues for our review. It is well-settled that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a); *see also Tecce v. Hally*, 106 A.3d 728, 732 (Pa. Super. 2014) (holding that parties may waive rights, even due process rights and other rights of constitutional magnitude, by failing to raise them in the trial court); *Morgan v. Morgan*, 117 A.3d 757, 762 (Pa. Super. 2015) (explaining that appellants may not raise issues for the first time in a Rule 1925(b) statement).

Additionally, appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure or risk this Court's quashal or dismissal of the appeal. *See* Pa.R.A.P. 2101; *see also* Pa.R.A.P. 2111-2119 (discussing the required content of appellate briefs and addressing specific requirements for each subsection of the brief). When an appellate brief fails to conform to the requirements set forth in our appellate rules, or issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof. *See In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010) (holding that appellate briefs must conform to the requirements set forth in the appellate rules); *see also Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (holding that this Court will not consider the merits of issues not properly raised and developed in the appellate brief or when the briefs are wholly inadequate to present specific issues for review).

Relevantly, because issues not raised before the trial court are waived, the appellant must direct this Court to the place in the record where he preserved the issues he has raised for our review, the manner in which he preserved them, and the way in which the issues were passed upon by the trial court. *See* Pa.R.A.P. 2117(c); *see also* 2119(e). Further, Rule 2119 requires an appellant's brief to present an argument for each issue on appeal which includes references to the certified record and a discussion of and

citation to pertinent legal authority. *See* Pa.R.A.P. 2119. "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *B.S.G. v. D.M.C.*, 255 A.3d 528, 535 (Pa. Super. 2021).

In the discussion section of his brief, Father initially purports to challenge Dr. Matta's letter on the basis that he was not provided with a copy of the report prior to the hearing. The remainder of Father's brief consists of challenges to the format and content of Dr. Matta's letter, a claim that the letter is hearsay, and a general unsupported assertion that the side effects of psychotropic medication are detrimental.[4]

Initially, we note that Father does not direct this Court to the place in the record where he preserved these issues for our review, the manner in which he preserved them, or the way in which they were ruled on by the trial court. *See* Pa.R.A.P. 2117(c); *see also* 2119(e). Moreover, our independent review of the certified record reflects that these challenges were not raised by Father at the hearing on Mother's petition for special relief. *See* N.T., 8/19/24, at 1-24; *see also* Pa.R.A.P. 302(a). We are not free to ignore this

---

[4] To the extent Father identified other issues in his statement of questions presented, he abandoned them by failing to reference them in the discussion section of his brief.

- 7 -

complete absence of any objection. **See Tecce**, 106 A.3d at 732. Thus, Father's issues are waived.

Moreover, even if Father had appropriately preserved these issues by raising them in the trial court, he failed to develop them by providing a discussion of relevant legal authority or otherwise advancing the issues in any other meaningful fashion capable of review. **See B.S.G.**, 255 A.3d at 535. Thus, Father's issues are further waived for lack of development. **See id**.

Accordingly, as Father has waived his challenges to the trial court's order granting Mother's petition for special relief,[5] we affirm the order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/31/2025

---

[5] Although we acknowledge that Father is proceeding *pro se*, his *pro se* status does not entitle him to any particular advantage because of his lack of legal training; as all litigants, including those who elect to proceed *pro se*, are bound by our procedural rules. **See Deek Investment, L.P. v. Murray**, 157 A.3d 491, 494 (Pa. Super. 2017).