J-E01005-25

2025 PA Super 287

| | | |
|---|---|---|
| MARIA ESTHER ARREGUIN AND P.A.B., A MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND J.A.B., MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ (H/W) AND GAMALIEL ARREGUIN RUIZ | : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br>No. 889 EDA 2023 |
| v. | | |
| CHARLES KINSING | | |
| APPEAL OF: P.A.B., A MINOR, BY MARIA ESTHER ARREGUIN, PARENT AND NATURAL GUARDIAN | | |

Appeal from the Judgment Entered May 18, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160701153

BEFORE:  LAZARUS, P.J., BOWES, J., PANELLA, P.J.E., DUBOW, J.,
     McLAUGHLIN, J., KING, J., SULLIVAN, J., BECK, J., and LANE, J.

OPINION BY DUBOW, J.:                          **FILED DECEMBER 23, 2025**

Maria Esther Arreguin ("Ms. Arreguin"), on behalf of her minor child,

P.A.B. ("Son"), appeals from the trial court's denial of her motion for delay

damages after the trial court entered judgment in her favor in this personal

injury action against Charles Kinsing ("Appellee").  Upon careful review, we

reverse the trial court's denial of the motion for delay damages, vacate the judgment, and remand for further proceedings.

The relevant facts and procedural history are as follows. In July 2015, Appellee, who was severely intoxicated, rear-ended a car driven by Ms. Arreguin.[1] Appellee's rear-ending of Ms. Arreguin's car caused a chain reaction collision in which six people sustained injuries. Son, who was then ten years old and was a passenger in his mother's car, endured severe facial injuries necessitating multiple surgeries and causing permanent scarring.

Ms. Arreguin filed the instant personal injury action. Following a January 2023 non-jury trial, the trial court found in favor of Ms. Arreguin and awarded $4,111,746.38 in damages. Ms. Arreguin filed a timely motion for delay damages pursuant to Pa.R.Civ.P. 238(c).

Appellee filed an answer to Ms. Arreguin's motion for delay damages, citing various reasons for opposing the motion, including, relevantly, that the motion did not contain the notice provision required under Rule 238(c) and was, therefore, "defective on its face and should be dismissed." Response in Opposition to Delay Damages, 2/18/23, at ¶¶ 3-5. *See also* Memorandum of Law in Support, 3/4/23, at 16-20. Appellee did not at any time assert that

---

[1] The police arrested Appellee four times over a six week period. This accident resulted in Appellee's third arrest. As a result, the Commonwealth charged Appellee with driving under the influence and related offenses, and Appellee spent several years in state prison during the pendency of the instant proceeding.

Ms. Arreguin's failure to include the requisite notice had prejudiced him or had adversely affected his substantive rights.

On March 31, 2023, the trial court held a hearing on the motion after which it denied Ms. Arreguin's request for delay damages due to her failure to comply with Rule 238(c). The court explained that it:

> denied [Ms. Arreguin's] motion for delay damages because it did not comply with the strict, unambiguous language of [the rule], due to the required notice not appearing in the beginning of the motion. The language of Pa.R.Civ.P. 238(c) is clear and free from ambiguity when it reads, "The motion shall begin with the following notice . . .." Pursuant to Pa.R.Civ.P. 127(b), the letter of Pa.R.Civ.P. 238(c) is not to be disregarded in the presence of such unambiguous language . . .

Trial Court Opinion, 6/15/23, at 4 (citation omitted, capitalization and citation formats standardized).

Ms. Arreguin timely appealed, and this Court affirmed the trial court's denial of her motion for delay damages, with one judge authoring a dissent. This Court granted Ms. Arreguin's application for reargument and withdrew the prior opinion and dissent. The parties filed new briefs and presented oral argument to the Court sitting *en banc*.

Ms. Arreguin raises the following issues for this Court's review *en banc*:

1. Whether the [l]ower [c]ourt misapplied Pa.R.C[iv].P. 126 in failing to properly analyze Pa.R.C[iv].P. 238 and its specific construction[?]

2. Whether the [l]ower [c]ourt committed a reversible error and abused its discretion in denying [Ms. Arreguin's] Rule 238 [m]otion for [d]elay [d]amages through its misrepresentation of Pa.R.C[iv].P. 238(c) and its insistence upon the word "shall" in Rule 238(c) but ignored the remainder of the Rule[?]

3. Whether the [l]ower [c]ourt committed an error in dismissing [Ms. Arreguin's] claim for delay damages where [a]ppellate [c]ourts have refused similar penalties in civil claims[?]

4. Whether the [l]ower [c]ourt committed reversible error and abused its discretion in relying upon **Dietz v. Avco Corp.**[,] No. 645 EDA [2021] (Pa. Super. 2022), a decision which is completely irrelevant and inapplicable to the case before this Court[?]

Arreguin's Brief at 3 (reordered for ease of disposition).

The issues raised by Ms. Arreguin require us to interpret the Pennsylvania Rules of Civil Procedure. The interpretation of our procedural rules presents a pure question of law for which our standard of review is *de novo* and our scope of review is plenary. **Getting v. Mark Sales & Leasing, Inc.**, 274 A.3d 1251, 1261 (Pa. Super. 2022). "The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.J.A. 108(a).[2] In so doing, "[t]he rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties." Pa.R.Civ.P. 126.[3]

---

[2] Pennsylvania Rule of Judicial Administration 108, effective January 1, 2024, replaced Pa.R.Civ.P. 127. It is settled law that changes in law are applied retroactively to cases pending on appeal. **Christy v. Cranberry Volunteer Ambulance Corps, Inc.**, 856 A.2d 43, 51 (Pa. 2004).

[3] The language of Pennsylvania Rule of Civil Procedure 126 was amended effective January 1, 2024. Again, we apply the current version of the Rule. **Id.**

Ms. Arreguin does not dispute that her motion for delay damages did not include the requisite Rule 238 notice. Rather, she contends that the trial court abused its discretion by misinterpreting Rule 238(c) and failing to consider Rule 126 when ruling on her motion. Ms. Arreguin's Brief at 15-19.

Rule 238 provides, in pertinent part, that when a plaintiff files a motion for delay damages, she shall include a notice to the defendant that the defendant has 20 days to file a written response to the motion:

> (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, . . . damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury . . . .
>
> (2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.
>
> * * * * *
>
> (c) Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation. **The motion shall begin with the following notice:**
>
> **NOTICE**
>
> **You are hereby notified to file a written answer to the attached motion for delay damages within twenty days from the filing of the motion or the delay damages sought in the motion may be added to the verdict or decision against you.**

Pa.R.Civ.P. 238(a)(1)-(2) and (c) (emphasis added).

The trial court found, and we agree, that, owing to its use of the word "shall," our Supreme Court clearly and unambiguously intended to require that

a party seeking delay damages pursuant to Rule 238 must provide notice in the form set forth in the Rule. *See* Rule 238(c) ("The motion **shall** begin with the following notice. . . ") (emphasis added). Our inquiry, however, does not end there. Rule 126(a), titled "Liberal Construction and Application of Rules," directs courts to liberally apply the Rules "to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.Civ.P. 126(a). "**The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.**" *Id.* (emphasis added).

Our Supreme Court has explained that it promulgated Rule 126 to incorporate the equitable principle that the trial court should consider the doctrine of substantial compliance when applying the Rules of Civil Procedure:

> It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts. Accordingly, we expect that litigants will adhere to procedural rules as they are written, and take a dim view of litigants who flout them. *See Wood v. Garrett*, [] 46 A.2d 321, 323 ([Pa.] 1946). That said, we have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice. *Pomerantz v. Goldstein*, [] 387 A.2d 1280, 1281 ([Pa.] 1978). **It is for this reason that we adopted Rule 126[. In so doing,] we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any "procedural defect" that does not prejudice a party's rights.** *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 ([Pa.] 2001) (quoting *Kurtas v. Kurtas*, 555 A.2d 804, 806 ([Pa.] 1989) (emphasis in original)); *Pomerantz*, 387 A.2d at

> 1281. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, we made Rule 126 a rule of universal application, such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply.

***Womer v. Hilliker***, 908 A.2d 269, 276 (Pa. 2006) (emphasis added).

Construing this Rule, this Court has held that it "allows an equitable exception for parties who commit a misstep when attempting to do what any particular rule requires." ***Deek Inv. L.P. v. Murray***, 157 A.3d 491, 494 (Pa. Super. 2017). That is, Rule 126 does not excuse total noncompliance with a procedural rule. Rather, "Rule 126 is available to a party who makes a substantial attempt to conform." ***Id.*** (citing ***Green Acres Rehab. and Nursing Ctr. Sullivan***, 113 A.3d 1261, 1272 (Pa. Super. 2015)).

In her first issue, Ms. Arreguin contends that the trial court erred in denying her motion for delay damages based on her failure to include the notice required by Rule 238(c), without considering whether it could excuse her procedural misstep pursuant to Rule 126. Ms. Arreguin's Substituted Brief at 17-19.

Here, the trial court determined that Ms. Arreguin's failure to include the requisite notice with the motion for delay damages was a fatal defect that precluded her recovery. The court did not, however, consider whether it could excuse this defect pursuant to Rule 126. Nevertheless, because we review the trial court's interpretation and application of the Rules of Civil Procedure *de novo*, we shall consider whether the court abused its discretion when it

declined to excuse Ms. Arreguin's procedural misstep. In so doing, we consider whether Ms. Arreguin made a substantial attempt to conform with Rule 238 and whether the "procedural defect" affected or prejudiced Appellee's substantive rights.

Following our review of the record we observe that Ms. Arreguin complied in all respects with Rule 238 except in providing the notice that Appellee had 20 days to respond in writing to the motion for delay damages. Since Ms. Arreguin's motion for delay damages otherwise complied with Rule 238, we conclude that she made a substantial attempt to conform with Rule 238. We further find highly relevant that, notwithstanding Ms. Arreguin's failure to notify Appellee that he had 20 days to respond in writing to the motion for delay damages, Appellee not only filed a timely response in opposition to the motion for delay damages, but also raised numerous grounds in support of his opposition, and filed a memorandum of law in support of his opposition to the motion. We note also that Appellee's counsel appeared at the hearing to argue against the award of delay damages.

Based on these facts, Appellee suffered no prejudice from Ms. Arreguin's failure to notify Appellee that he needed to respond to the motion for delay damages in writing in 20 days. In fact, Appellee has never asserted that Ms. Arreguin's procedural misstep prejudiced him or adversely affected his substantive rights. We, thus, conclude that Ms. Arreguin's failure to include the notice required by the Rule did not affect or prejudice Appellee's substantive rights.

We also note that Appellee raised other grounds in its opposition to the motion for delay damages and the trial court denied the motion solely on Ms. Arreguin's failure to include the Rule 238 notice. Accordingly, we vacate the judgment in favor of Ms. Arreguin, reverse the order denying her motion for delay damages, and remand for the court to consider the remaining grounds for relief raised in the motion for delay damages and Appellee's response.

Judgment vacated. Order reversed. Case remanded. Jurisdiction relinquished.

President Judge Lazarus, Judge Bowes, President Judge Emeritus Panella, Judges McLaughlin, Beck and Lane join.

Judge Sullivan files a Dissenting Opinion in which Judge King joins.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025