J-E01005-25

2025 PA Super 287

| | | |
|---|---|---|
| MARIA ESTHER ARREGUIN AND P.A.B., A MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND J.A.B., MINOR BY PARENTS AND NATURAL GUARDIANS MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ AND MARIA ESTHER ARREGUIN AND GAMALIEL ARREGUIN RUIZ (H/W) AND GAMALIEL ARREGUIN RUIZ | : : : : : : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br>No. 889 EDA 2023 |
| v. | | |
| CHARLES KINSING | | |
| APPEAL OF: P.A.B., A MINOR, BY MARIA ESTHER ARREGUIN, PARENT AND NATURAL GUARDIAN | | |

Appeal from the Judgment Entered May 18, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160701153

BEFORE:  LAZARUS, P.J., BOWES, J., PANELLA, P.J.E., DUBOW, J.,
McLAUGHLIN, J., KING, J., SULLIVAN, J., BECK, J., and LANE, J.

DISSENTING OPINION BY SULLIVAN, J.:        **FILED DECEMBER 23, 2025**

After a thorough review of the record and the trial court opinion in this matter, I believe the mandatory and unambiguous language of Pennsylvania Rule of Civil Procedure 238(c) was correctly applied by the trial court in this matter.  Therefore, I respectfully dissent.

As the majority notes, the interpretation of procedural rules is a *de novo* review and the scope of review is plenary; however, to the extent that the question before this Court involves an exercise of the trial court's discretion in denying the motion for delay damages, our standard of review is abuse of discretion. ***See Brown v. Quest Diagnostics Clinical Laboratories, Inc***., 209 A.3d 386, 389 (Pa. Super. 2019).

As highlighted in the Majority Opinion, "the object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Majority Opinion at 8, citing Pa.R.J.A. 108(a) "Construction of Rules." In the next subsection, the rule plainly states when the words of a rule are "clear and free from all ambiguity" the letter of the rule is not to be disregarded under the pretext of pursuing its spirit. Pa.R.J.A. 108(b). These same administrative rules note there is a presumption where "the Supreme Court has construed the language used in a rule or statute, the Supreme Court in promulgating a rule on the **same** subject matter which employs the same language intends the **same construction** to be placed upon such language." Pa.R.J.A. 109(e) (emphases added).

Furthermore, as it relates to interpretation of clear and unambiguous language in a rule or statute, the law is well settled,

> [W]e construe every rule, if possible, to give effect to all of its provisions. When the words of a rule are clear and free from all ambiguity, ***the letter of it is not to be disregarded under the pretext of pursuing its spirit***. It is only when the words of a rule are not explicit that we may ascertain the intent by reference to other matters . . . . As we have explained in the

context of statutory construction, ambiguity occurs when there are at least two reasonable interpretations of the text. When we are construing and giving effect to the text, we should not interpret statutory words in isolation[] but must read them with reference to the context in which they appear.

*HTR Restaurants, Inc. v. Erie Ins. Exchange*, 307 A.3d 49, 58 (Pa. 2023) (internal quotation marks and footnotes omitted, emphasis added).

The majority acknowledges that Pa.R.Civ.P. 238(c) is not ambiguous and mandates a plaintiff *shall* file a written motion seeking delay damages which itself *shall* include a notice to defend which uses the specific language delineated in the rule. *See* Majority Opinion at 6. The Majority recognizes Rule 238(c) is clear, not ambiguous, but nevertheless disregards the *mandatory* language of the rule and this Court's precedent concerning the failure to include required notices to defend (or similar notices) when mandated in the Rules of Civil Procedure. *See e.g.*, Pa.R.Civ.P. 237.1(2) (requiring written notice of intent to file for a praecipe for entry of a judgment of *non pros* prior to entry of the judgment); Pa.R.Civ.P. 237.5 (dictating the form of the notice); Pa.R.Civ.P. 1018.1 (mandating a complaint shall begin with a notice to defend); Pa.R.Civ.P. 1026(a) (emphasis added) (providing "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, *but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead*"); Pa.R.Civ.P. 1920.12(c) (mandating that a complaint in divorce must include a notice that substantially complains with

Pa.R.Civ.P. 1920.71); Pa.R.Civ.P. 3279(a) (providing a petition for a deficiency judgment "shall begin with a notice to defend"); Pa.R.Civ.P. 3282(b) (stating a petition to fix fair market value "shall begin with a notice to defend"). Instead, the Majority essentially bypasses the rule's mandate and applies a non-mandatory equitable rule[1] in the form of a "substantial compliance" test without legal support, under the guise of assessing whether Pa.R.Civ.P. 126, a **discretionary** rule, can excuse Arreguin's failure to comply with the written notice mandate of Rule 238(c). **See id**. at 6-9.

It is well settled the "touchstone" of statutory, or in this case rule, interpretation is "where a [rule] is unambiguous, the judiciary may not ignore the plain language under the pretext of pursuing its spirit[.]" **Grossi v. Travelers Personal Ins. Co.**, 79 A.3d 1141, 1161 (Pa. Super. 2013) (citations and internal quotation marks omitted); **see also Sivick v. State Ethics Commission**, 238 A.3d 1250, 1264 (Pa. 2020) (same; also stating, "we must not overlabor to detect or manufacture ambiguity where the language reveals none"). Perhaps because the Majority assents that the language of Pa.R.Civ.P. 238(c) is mandatory and unambiguous, it takes no notice of this well-established touchstone; however, it bears repeating that the only reasonable construction of "shall" in Rule 238(c) is that to seek delay damages, a litigant may file a motion which **shall** begin with the required

---

[1] **See** Majority Opinion at 8 (explicitly considering whether the failure to comply with Pa.R.Civ.P. 238 resulted in prejudice).

notice.  ***See Oberneder v. Link Computer Corp.***, 696 A.2d 148, 150 (Pa. 1997) (stating "[b]y definition, 'shall' is mandatory").  ***See also Corestky v. Bd. of Com'rs of Butler Tp.***, 555 A.2d 72, 74 (Pa. 1989) (holding the use of the word "shall" in a statute is mandatory, clear, and unambiguous).

While our Courts have not directly addressed whether the inclusion of the written notice to defend is mandatory in the specific context of Pa.R.Civ.P. 238(c), we have certainly addressed the issue of rule-based written notice requirements in other contexts, and a well-established body of law exists. Pennsylvania jurisprudence has overwhelmingly concluded in analogous rules that the failure to include the prescribed written notice results in a fatally defective pleading.

My concerns are two-fold: 1) we, the intermediate appellate court, whose job is to correct errors below, are making law, a task that is beyond our legal authority; and 2) in crafting a specific outcome based on these specific facts, we are creating an *ad hoc* approach that disregards a rule-based, unambiguous mandate intended by our Supreme Court to "satisfy the procedure that [they] have adopted to enhance the functioning of the trial courts,"[2] thus, creating a slippery slope that neither honors the jurisprudential concept of unambiguous statutory/rule-based interpretation or the body of law developed regarding other rules of civil procedure that require written

---

[2] ***Womer v. Hilliker***, 908 A.2d 269, 278 (Pa. 2006).

notices. As a learned colleague recently penned in a different context, "the possible fact patterns are endless and lead down a slippery slope . . . we are not willing to descend." ***Wentworth v. Steinmetz***, --- A.3d ---, 2025 WL 3157571 at *5 (Pa. Super. 2025). If the Supreme Court wishes to retract the requirement of written notice for motions for delay damages, they have the power to do so, and I will gladly apply the revised rule when that amendment is adopted. Otherwise, the current jurisprudence does not permit the application of a permissive rule over a mandatory rule that is clear and unambiguous as it pertains to written notice. In order for Pa.R.Civ.P. 126 to apply, a party is required to file a written notice pursuant to the rule before the equities of Rule 126 can even be considered.

For example, in ***Lines v. Timothy Britton Construction Services, Inc.***, 342 A.3d 1 (Pa. Super. 2025), the plaintiffs filed a civil complaint against the defendant that did not include the required notice to defend; therefore, the defendant did not respond to the pleading. ***See Lines***, 342 A.3d at 1. Plaintiffs sought and obtained a default judgment against the defendant. ***See id***. Subsequently, the parties consented, in writing, to strike the default judgment and further agreed that defendant would file a responsive pleading within twenty days. ***See id***. at 3. When the defendant did not do so, plaintiffs filed a second default judgment. Plaintiffs, however, failed to provide a notice before filing the default judgment as mandated by Pa.R.Civ.P. 237.1. ***See***

*id*.[3] Despite this failure, the trial court denied defendant's motion to strike and/or open the default judgment. ***See id***.

On appeal this Court reversed. We recognized that Rule 237.1 notice was initially provided but, critically, the trial court struck the first default judgment and there was thus "no longer a triggering Rule 237.1 notice advising the defendant that failure to comply with the consent order would result in default judgment." ***Id***. at 6. We concluded that the order striking the first default judgment resulted in "a new proceeding wherein [defendants were] not advised that default judgment was being sought." ***See id***. Accordingly, the failure to comply with the mandatory notice provision of Pa.R.Civ.P. 237.1 required the reversal of the trial court's ruling refusing to strike and/or open the default judgment. ***See id***.

While the Rule 237.1 notice at issue in ***Lines*** is not labeled a "Notice to Defend," it is analogous to such a notice. Further, in insisting on strict compliance with Pa.R.Civ.P. 237.1, a mandatory rule, in ***Lines*** we specifically rejected the argument that a moving party is absolved of compliance with a mandatory rule because the opposing party was represented by counsel and knew about the need to defend or answer because of a prior pleading. Applying this reasoning to the matter before us, the Majority's assertion that

---

[3] The rule provides "A copy of the notice shall be attached to the praecipe." Pa.R.Civ.P. 237.1(a)(3).

failure to comply with the mandatory rule is excused because the other party knew of the delay damages motion is similarly flawed.

In another recent decision, **Gould v. Wagner**, 316 A.3d 634 (Pa. Super. 2024), this Court construed whether a generic notice to plead could act as a substitute for the specific notice to defend mandated by Pa.R.Civ.P. 3279(a) and 3282(b), which concern the commencement of proceedings under the Deficiency Judgment Act ("DJA"). **See Gould**, 316 A.2d at 638.[4] This Court concluded the use of "shall" in Pa.R.Civ.P. 3279(a) and 3282(b) was mandatory and unambiguous and did not bear two reasonable interpretations. **See Gould**, 316 A.3d at 641. Thus, we held the failure to attach a notice to defend that did not substantially comply with Pa.R.Civ.P. 3279(a) and 3282(b) constituted a facial and fatal defect in the pleading. **See id**. at 644-45.

Similarly, this Court has held that failure to comply with Pa.R.Civ.P. 1018.1, which provides "[e]very complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant **shall** begin with a notice to defend in substantially the form set forth in subdivision (b)[]" (emphasis added), failure to include the written notice constitutes a facial defect in the pleadings to which the defendant is not required to respond. **See**

_____

[4] Rule 3279(a) provides proceedings under the DJA "shall be commenced by filing a petition which **shall** begin with the notice to defend and set forth the averments required by Rule 3282 or Rule 3288." Pa.R.Civ.P. 3279(a) (emphasis added). Rule 3282(b) provides, in pertinent part, "The petition **shall** begin with a notice to defend substantially in the following form[.]" Pa.R.Civ.P. 3282(b) (emphasis added).

*Mother's Rest., Inc. v. Krystkiewicz*, 861 A.2d 327, 338 (Pa. Super. 2004) (*en banc*) (stating "[i]n view of the plain language of Rule 1018.1, we find that every complaint, including amended complaints, *must* include Notice to Defend.") (emphasis added); *Lewandowski v. Crawford*, 222 A.2d 601, 601 (Pa. Super. 1966) (addressing Pa.R.Civ.P. 1026, establishing the time for filing, and stating "[f]ailure to endorse a pleading with notice to answer relieves the opposite party of the obligation to file a responsive pleading, and in consequence, no default judgment can be entered against him"). Again, previous knowledge of litigation does not excuse the written notice mandate.

The Majority does not discuss these precedents and fails to articulate why notices to defend in the context of delay damages should be treated differently from mandatory notice provisions in other contexts. *See* Majority Opinion, at 5-9.

I find the Majority's reliance on Pa.R.Civ.P. 126(a) to excuse compliance with the mandatory language in Rule 238(c) equally concerning. *See* Majority Opinion, at 7-8. The Majority explicitly acknowledges that Rule 238(c) includes mandatory language that is clear and unambiguous. *See id*. at 5-6. Critically, Pa.R.Civ.P. 126(a) does not include mandatory language: it uses the word "may", thus leaving its application to the discretion of the trial court. *See id*. at 6 (citing Rule 126(a)). The Majority does not cite to any legal authority that supports its position. *See id*.

The Majority relies primarily on the Supreme Court's language in *Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006), but the Supreme Court's holding in *Womer* is incongruous with the Majority's conclusion here. *See id*. at 6-7. In *Womer*, the plaintiff in a medical malpractice suit did not file the certificate of merit ("COM") that Pa.R.Civ.P. 1042.3 states "*shall*" be filed with the complaint. *See Womer*, 908 A.2d at 272; Pa.R.Civ.P. 1042.3(a) (emphasis added). The trial court granted the defendant's motion for a judgment of *non pros* and denied plaintiff's subsequent motion to open. *See id*. at 272-73. On appeal, this Court overturned the trial court's decision and concluded, with reference to Pa.R.Civ.P. 126, it was "not wholly unreasonable" for the plaintiff to conclude he had substantially complied with Rule 1042.3 by eventually providing a copy of an expert's report with discovery rather than filing a certificate of merit. *Id*. at 274-75. Our Supreme Court *reversed* this Court, concluding that the mandatory Rule 1042.3 language *was not* subject to the equitable exception allowed by Rule 126. *See id*. at 278-80. In so doing, the Supreme Court discussed the type of procedural missteps which are excusable, such as mistitling a document.[5] *See id*. at 277. The Supreme Court specifically rejected the plaintiff's argument that so long as he complied

---

[5] *See Deek Investment, L.P. v. Murray*, 157 A.3d 491, 494 (Pa. Super. 2017) (applying Rule 126 where the appellants followed rule of appellate procedure and filed the required 1925(b) statement but made a procedural misstep when only one party actually signed the required statement).

with the **spirit** of the rule in question, he satisfied Rule 126's requirement of "substantial compliance" and was excused from obeying the letter of the rule noting when a rule is "clear and unambiguous in its mandate" a party must act in some way to comply with the mandate before Rule 126 can be applied. **See id**. at 278 ("the equitable doctrine we incorporated in[]to Rule 126 is one of **substantial** compliance, not one of **no** compliance" (emphasis added)). Our Supreme Court concluded the trial court "acted well within its discretion" in not excusing strict compliance with Rule 1042.3 and reversed this Court. **See id**. at 280. Thus, the Supreme Court has clearly rejected the theory espoused in the Majority Opinion that Rule 126 applies even when a party ignores a rule's mandatory requirements.[6] Said another way, a party cannot bypass the clear and unambiguous mandates in a rule and then invoke Rule

---

[6]By contrast, in **Green Acres Rehabilitation and Nursing Center v. Sullivan**, 113 A.3d 1261, 1271-72 (Pa. Super. 2015), the plaintiff served notice of default judgment, the notice itself was "virtually identical to the language set forth in current Rule 237.5", albeit the *praecipe* was mistakenly entitled "Motion for Final Judgment of Default" and referenced a New Jersey rule inapplicable to the Pennsylvania litigation.

On those facts, this court held the equity principles of Rule 126 applied because notice was drafted, and served, and its language substantially complied with the rule requiring written notice. This action to comply with the mandatory notice was clearly a "procedural misstep" but not a failure to comply. By contrast, in **Womer**, the Supreme Court noted the failure to comply with the mandatory language of a rule (*i.e.* failure to file a required COM at all), constituted a disregard of the rules because the party assumed the power to determine the rules that applied to them instead of satisfying the procedures adopted to "enhance the functioning of the trial courts." **See Womer**, 908 A.2d at 278.

- 11 -

126. A party must at least **attempt** to comply with the applicable rule's clear mandate **before** seeking to invoke the equitable nature of Rule 126.

This same principle requiring strict compliance with statutes, rules, and other legal documents that contain mandatory language is demonstrated by numerous published and unpublished[7] decisions by judges on this Court across every area of law. **See e.g. Driscoll v. Arena**, 213 A.3d 253, 257-58 (Pa. Super. 2019) (*en banc*) (overturning trial court's grant of a motion to open or strike a confessed judgment concluding, in part, that Pa.R.Civ.P. 2959(a) is "explicitly mandatory" and compliance with it cannot be excused absent "compelling reason[]"); **Nottingham v. Miele**, 317 A.3d 571 (Pa. Super. 2024) (unpublished memorandum at *4) (dismissing appeal of the trial court's granting of a judgment of *non pros* in his medical malpractice cased based upon appellant's failure to comply with the mandatory language of Pa.R.Civ.P. 1042.3); **Presky v. Mainline Gastroenterology Associates**, 299 A.3d 886 (Pa. Super. 2023) (unpublished memorandum at *2) (discussing Rule 3051(a) and affirming trial court's denial of a motion to strike/open based on the failure to comply with its mandatory language).

The Majority does not point to any legal support for departing from the long-standing principle of requiring compliance with rules containing mandatory language or excusing the complete absence of a required written

---

[7] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

notice. **See** Majority Opinion at 6-9. Given our Supreme Court's rationale in **Womer**, I cannot support this Court's willingness to ignore Arreguin's wholesale dismissal of a mandatory notice provision in a rule, to apply a permissive equitable rule. I also find the application of equitable relief to Arreguin particularly concerning in light of Arreguin's failure to seek any relief below by, for example, moving to file an amended motion *nunc pro tunc*.

Lastly, in the absence of legal support for the Majority's conclusion in this matter, I am concerned the Majority is moved by sympathy for the undeniably tragic circumstances underlying this case. I am not without sympathy, but to upend or depart from bright-line statutory interpretation principles because of a very sympathetic set of facts affects more than just **this** matter going forward. As a colleague articulated recently in a concurring opinion, (joined by both judges in the majority of the panel), the inappropriateness of ignoring mandatory law because of sympathy for a particular party and how so doing negatively affects the stature of the courts. **See Penn Sycamore Apts., Inc. v. Brooks**, --- A.3d ---, 2025 WL 2745687, at *7 (Pa. Super. September 25, 2025). The concurrence stated that compliance with mandatory rules and requirements:

> cannot be disregarded in favor of the personal beliefs of any particular jurist. When a judge ignores the clear mandate of a statute because he thinks the law is too harsh and wishes to do equity, he not only wastes the resources of the parties with a null order, he undermines the confidence of the people of this Commonwealth in the judiciary. Any temporary benefit the [] judge may have conferred onto this particular [party] . . . is outweighed by the damage to the citizenry's faith in our system

of government and the courts' role therein, which is especially grave at this time of heightened threats to the rule of law and to judicial independence.

*Id*. Because I believe the Majority's actions in this matter run afoul of the above principles and are contrary to settled law, I do not believe the trial court erred as a matter of law in dismissing the motion for delay damages and respectfully dissent.

Judge King joins this dissenting opinion.